UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-22418-CIV-MORENO**

CLEAR MARINE VENTURES, LTD.,

Plaintiff,

vs.

BRUNSWICK CORP.; CAZADORES, INC.; CATERPILLER, INC.; MARINE MAX, INC.; PANTROPIC POWER, INC.; DONALD STEVENS; and ALLIED RICHARD BERTRAM MARINE GROUP,

Defendants.
_________________________________________/

**ORDER GRANTING DEFENDANT ALLIED'S MOTION TO DISMISS**

THIS CAUSE arises from Plaintiff Clear Marine Ventures, Ltd.'s purchase of a 64C Convertible Hatteras sport-fishing vessel from Defendant Cazadores, Inc. in January 2007. Defendant Allied Richard Bertram Marine Group acted as the broker for the sale of the boat, which was manufactured by Defendant Brunswick Corporation.[1] In October 2006, Clear Marine began talks with Allied for the purchase of the vessel, later named the "Ventura II." After completing due diligence, Clear Marine and Allied entered into a purchase agreement on January 5, 2007. Thereafter, Plaintiff alleges that it discovered the Ventura II's fatal design flaw and problems with the boat's engines. The engines were manufactured by Defendant Caterpiller, Inc. and repaired by Defendant MarineMax, Inc. at the direction of Defendant Pantropic Power, Inc. Plaintiff then filed a fourteen-count complaint against all of the companies involved in the various stages of construction, sale, and repair

---

[1] Brunswick is the successor-in-interest to Hatteras.

of the Ventura II.

As to Allied, Clear Marine alleges a violation of Florida's Deceptive and Unfair Trade Practices Act, fraudulent inducement, and negligent misrepresentation. Allied's motion to dismiss asks the Court to dismiss all of these claims because: (1) the terms of the Brokerage Purchase and Sale Agreement contradict Clear Marine's fraud-related claims; (2) the "economic loss rule" bars the fraudulent inducement claim; and (3) maritime law preempts the FDUTPA claim. For the foregoing reasons, the Court agrees that the Brokerage Purchase and Sale Agreement precludes all claims against Allied.[2]

## I. Applicable Legal Standards

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

Clear Marine alleges that Allied's failure to disclose a known design defect and engine problems fraudulently induced Clear Marine to purchase the Ventura II. Further, Clear Marine alleges that Allied represented that the boat was brand new and in perfect working condition. In order to state

[2]The Court will not address Allied's alternative arguments that the economic loss rule bars Clear Marine's fraudulent inducement claim, and that general federal maritime law preempts Clear Marine's FDUTPA claim.

a fraudulent inducement claim, Clear Marine must allege that: (1) Allied made a false statement concerning a material fact; (2) Allied knew that the statement was false; (3) Allied intended that Clear Marine would rely on the false statement; and (4) Clear Marine suffered an injury based on its justifiable reliance on the false statement. *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1315 (11th Cir. 1998). The elements of a negligent misrepresentation claim are the same, other than the elimination of the knowledge requirement. *See BlueWater Trading LLC. v. Fountaine Pajot, S.A.*, No. 07-61284-CIV-COHN, 2008 WL 895705, at *4 (S.D. Fla. April 2, 2008). Finally, Clear Marine alleges that Allied's material omission and misrepresentations violate the FDUTPA. In order to establish a FDUTPA claim, Clear Marine must show: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008).

## II. Analysis

### *A. The Brokerage Purchase and Sale Agreement Bars All Claims Against Allied*[3]

On January 9, 2007, Clear Marine entered into a Brokerage Purchase and Sale Agreement with Cazadores. The Agreement lists Allied as the broker. Paragraph 17 states:

> INFORMATION ON THE VESSEL IS BELIEVED TO BE GOOD AND CORRECT AND THE BROKER OFFERS SUCH INFORMATION IN GOOD FAITH, BUT DOES NOT AND CANNOT GUARANTEE THE ACCURACY OF THE INFORMATION. BUYER WARRANTS AND REPRESENTS THAT HE HAS FULLY INSPECTED THE VESSEL (OR HAS VOLUNTARILY WAIVED

---

[3]Courts consider the express language of the applicable contract when ruling on these claims at the pleading stage. *See Ari Ben-Yishay v. Mastercraft Dev., LLC.*, 553 F. Supp. 2d 1360, 1370 (S.D. Fla. 2008) (citing *Topp*, at 1348); *BlueWater*, 2008 WL 895705, at *5.

> THIS RIGHT) AND THAT HE IS NOT RELYING ON ANY REPRESENTATIONS AS PROVIDED BY THE BROKER(S). AFTER THE PROVISIONS HEREIN HAVE BEEN COMPLETED WITH AND THIS TRANSACTION HAS BEEN CONSUMMATED, IT IS UNDERSTOOD AND AGREED THAT THE BUYER HAS ACCEPTED THE VESSEL IN ITS "AS IS" CONDITION, AND NO WARRANTY, EITHER EXPRESSED OR IMPLIED AND NO REPRESENTATION AS TO THE CONDITION OF SAID VESSEL, ITS FITNESS FOR USE OR MERCHANTABILITY HAS BEEN GIVEN OR IS BINDING UPON BROKER.

D.E. 79, Ex. A, ¶ 17.[4] This disclaimer language, conspicuously written in all capitals, prevents Clear Marine from proceeding with any of its claims against Allied. First, Allied concedes that it cannot guarantee the accuracy of any information that it provided to Clear Marine about the Ventura II. In fact, Clear Marine commissioned its own survey and sea trial. Furthermore, the contract expressly states that Clear Marine "is not relying on any representations" made by the broker. Finally, paragraph 21 clarifies that the written agreement "constitutes the entire agreement between the parties..." D.E. 79, Ex. A, ¶ 21.

*B. Clear Marine Cannot Rely on Oral Misrepresentations or Omissions*

Allied's motion to dismiss persuasively argues that the Agreement expressly contradicts Clear Marine's claims as a matter of law. Indeed, where the express language of a controlling written contract rebuts allegations of fraudulent inducement, negligent misrepresentation, and FDUTPA

---

[4]The Court notes that the Addendum to the Brokerage Purchase and Sale Agreement states that "Buyer's obligations under this Agreement are contingent upon and subject to a satisfactory marine survey and satisfactory mechanical engine inspection...Section 17 is hereby modified to note that Buyer has not 'fully inspected the Vessel.'"

claims, courts dismiss such actions at the pleading stage. *See Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007) (a fraudulent inducement cannot "lie where the alleged fraud contradicts a subsequent written contract.").[5]

Clear Marine's factual allegations supporting its fraud claims are unpersuasive in light of the written disclaimer language. Similarly, Allied's alleged failure to disclose the vessel's design and engine defects cannot overcome the controlling language of the disclaimer clause. Therefore, the Court must dismiss Clear Marine's fraudulent inducement, FDUTPA, and negligent misrepresentation claims with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of April, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

[5]*See also Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1368 (S.D. Fla. 2003) (dismissing FDUTPA claim because a plaintiff "has no right to rely upon alleged oral misrepresentations that are adequately covered and expressly contradicted in a later written contract."); *BlueWater*, 2008 WL 895705, at *5 (dismissing negligent misrepresentation and fraudulent inducement claim where a merger clause in the contract limited the parties' reliance on representations to those in the written agreement.).