UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22418-CIV-MORENO/TORRES

CLEAR MARINE VENTURES, LTD.,

    Plaintiff,

vs.

CAZADORES, INC., CATERPILLER, INC., MARINE MAX, INC., PANTROPIC POWER, INC., and DONALD STEVENS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT CATERPILLAR'S MOTION TO DISMISS**

This matter is before the Court on Defendant Caterpillar, Inc.'s ("Caterpillar") Motion to Dismiss Counts XI and XII of Clear Marine Venture, Ltd.'s ("Clear Marine") Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. [D.E. 145]. We have considered the motion, response, and reply thereto, and the record in this case. For the foregoing reasons the motion to dismiss should be granted in part and denied in part.

*I. BACKGROUND*

The facts here are based upon the allegations included in the Plaintiff's Second Amended Complaint [D.E. 134]. Clear Marine purchased a 64C Convertible Hatteras sport-fishing vessel ("Ventura II") in January 2007. In October 2006, Clear Marine began exploring the potential purchase of the boat from Allied Richard Bertram Marine Group, the agent and broker for then-owner Co-Defendant Cazadores. Clear

Marine's employees inquired about the boat's previous repairs and modifications to Donald Stevens, a principal at Cazadores. Defendant Caterpillar manufactured the engines for the Ventura II. Co-Defendant Pantropic, Caterpillar's Fort Lauderdale-based representative, oversaw engine repairs that were actually completed by Co-Defendant MarineMax. Inc. Pantropic informed Clear Marine prior to the signing of the purchase agreement that Pantropic had overseen "factory updates" to the engine. Furthermore, after inquiring with Caterpillar and Pantropic, both parties told Clear Marine's representative that there were no problems with Ventura II's engines.

Before closing the deal, Clear Marine conducted a sea trial of the unrigged boat and had a third party surveyor inspect the Ventura II for insurance purposes. Clear Marine took a list of needed repairs to Brunswick, and after confirming with Caterpillar and Pantropic that there were no problems with the vessel's engines, Clear Marine closed on the purchase of the boat on February 7, 2007.

After purchase, sea trial, and rigging, Clear Marine took Ventura II on its maiden voyage, during which Ventura II was unable to perform without unacceptable water spray, low ride, and cockpit flooding. Thereafter, Brunswick advised Clear Marine to send the boat to MarineMax's service boat yard in Fort Lauderdale. MarineMax's performed a series of hull modifications to the Ventura II. During its next voyage, Ventura II ran even lower in the water than before MarineMax's modifications. Ventura II was again brought to MarineMax for another round of modifications, subsequently put to sea, and continued to suffer operational problems.

The vessel underwent a third round of modifications, only to then suffer a blown starboard engine in December 2007. Clear Marine then called Caterpillar. During the repair process, Clear Marine alleges that it learned of previous oil analysis reports prepared by Pantropic. Clear Marine alleges that contrary to Pantropic's and Caterpillar's representations, the oil analysis reports indicated engine problems in both engines. Additionally, Clear Marine alleges that an examination of the reports indicates that they had been intentionally altered by Pantropic and Caterpillar to cover up the problems with the engines. Clear Marine also alleges that such tampering, as well as the representations by Pantropic and Caterpillar that there were no internal issues with the engines, constitute fraudulent misrepresentation on the part of Caterpillar, as well as an agreement among the defendants not to disclose the repair history of Ventura II's original engines. Clear Marine alleges that Caterpillar intended that Clear Marine rely on its false representations, it did in fact rely on Caterpillar's false representations, and that as a result, Clear Marine suffered substantial injury and damages.

Plaintiff Clear Marine brought the above-captioned matter in August 29, 2008 against various Defendants, asserting claims for Fraudulent Inducement and/or Concealment, Count XI, and Conspiracy to Commit Fraud, Count XII against Defendant Caterpillar. Clear Marine subsequently filed a Second Amended Complaint on May 15, 2009, asserting the same claims against Caterpillar. [D.E. 134]. Caterpillar then filed the instant motion to dismiss [D.E. 145] as to Counts XI and XII of Plaintiff's Second Amended Complaint.

## II.  ANALYSIS

The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Fed. R. Civ. P. 10(c) allows reference and incorporation of pleadings and exhibits in the same case, but does not circumvent the definiteness requirement of Rule 8(a)(2).

Pursuant to *Twombly*, to survive a 12(b)(6) motion to dismiss a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965.  Although a claim challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65).  The Court must "view all the allegations of the complaint in the light most favorable to the

plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003).

Additionally, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Int'l., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). Moreover, it prevents speculative suits against innocent actors for fraud, and guards against "guilt by association." *United States ex rel. Clausen v. Lab. Corp. of America*, 290 F.3d 1301, 1308 (11th Cir. 2002) (citing *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 566-67 (11th Cir. 1994)). This is not to say, however, that a plaintiff is expected to actually *prove* his allegations in order to meet the Rule 9(b) particularity requirement, rather he must simply offer more than "mere conjecture." *Id.* at 1313. Nevertheless, the plaintiff cannot allege fraudulent conduct in a generalized manner, and her complaint must contain specific allegations with respect to each defendant; conclusory allegations 'lumping' multiple defendants together are insufficient. *See, e.g. Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

### A. *Motion to Dismiss the Fraud Claim in Count XI*

Clear Marine alleges that Caterpillar, despite possessing knowledge of the substantial engine work previously performed on Ventura II's engines, affirmatively represented to Clear Marine that the engines were new with only "factory updates;" and that but for Caterpillar's omissions and representations, Plaintiff would have never purchased the vessel [D.E. 134 ¶ 209]. Caterpillar argues that Clear Marine has failed to plead fraud with the requisite particularity under Rule 9(b). We disagree.

Florida law governs Clear Marine's fraudulent inducement claim. Under Florida law, the elements for actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. *Palm Beach Atl. Coll., Inc. v. First United Fund, Ltd.*, 928 F.2d 1538 (11th Cir. 1991) (citing *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)). A review of the Second Amended Complaint demonstrates that Clear Marine has sufficiently pled the elements of fraud under Florida law with requisite particularity.

At the motion to dismiss stage, all well-pleaded facts are accepted as true, and all the reasonable inferences therefrom are construed in the light most favorable to the plaintiff. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Accordingly, Plaintiff has alleged, with Rule 9(b) particularity, that Caterpillar has (1) made a false statement concerning a material fact (the condition of and repairs

6

performed on the vessel's engines); (2) had knowledge that its representation was false (based on tests known to Caterpillar); (3) intended that the representation induce Clear Marine to act upon it (because it knew the purpose for which Plaintiff inquired of Caterpillar); and (4) Clear Marine relied on the representation to its injury (because the transaction was consummated). Give that Plaintiff has sufficiently alleged the elements of fraud under Florida law, and has satisfied the particularity requirements of Rule 9(b), we should deny the Defendant's motion to dismiss as to Count XI of the Plaintiff's Second Amended Complaint. The Court can revisit the issue on summary judgment if the evidence does not support these allegations.

### B.     *Motion to Dismiss Conspiracy Claim in Count XII*

Clear Marine then alleges that Caterpillar, Pantropic, and Hatteras (Brunswick) acted in concert and agreed not to disclose the repair history of Ventura II's engines [D.E. 134 ¶ 216]. Caterpillar argues that Clear Marine fails to state a fraud claim against it, thereby requiring dismissal of the conspiracy.

In order to state a claim for civil conspiracy, Clear Marine must allege an agreement between two or more parties to do an unlawful act, and an overt act in furtherance of the conspiracy that results in damages. *Am. Life Ins. co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007); *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). Because "a civil conspiracy claim is not an independent cause of action in Florida," Clear Marine must state a claim as to the underlying fraud against Caterpillar. *Behrman v. Allstate Life Ins. Co.*, 178 F. App'x 862, 863 (11th Cir. 2006). As discussed earlier, Clear Marine sufficiently states a

claim for fraudulent inducement and/or concealment in its Second Amended Complaint.

Although we concluded that Plaintiff has properly stated a fraud claim, dismissal of the conspiracy claim is still warranted because Clear Marine fails to provide any specific allegations as to the nature of the purported agreement between the defendants.  While the viability of Clear Marine's conspiracy allegation depends on whether it can state the underlying fraud claim against Caterpillar, it must nevertheless offer more than conclusory allegations as to the conspiracy. *Carlson v. Armstrong World Indus., Inc.*, 693 F. Supp. 1073, 1078 (S.D. Fla. 1987) ("It is necessary to plead fraudulent conspiracy with sufficient particularity") (citing *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984)).  This Court has previously determined that Clear Marine's allegations of conspiracy against Co-Defendant Brunswick lacked any plausible factual allegations as to the nature of the agreement among Defendants Caterpillar, Pantropic, and Brunswick, and as such this Court dismissed that claim [D.E. 174].

Here, likewise, Clear Marine presents only bald allegations that Caterpillar conspired with Pantropic and Brunswick to commit fraud.  The Plaintiff's Second Amended Complaint states only in one sentence that "Caterpillar, Pantropic, and Hatteras [Brunswick] acted in concert and agreed not to disclose" the vessel's extensive repair history [D.E. 134 ¶ 216].  No supporting facts are alleged, however, as to when such a conspiracy arose or how it was manifested.  Without any specific allegations as to the nature of the purported agreement, Count XII lacks the specificity required to

support a claim for conspiracy. The Court cannot find that these allegations provide a plausible conspiracy claim as they clearly do not rise above the speculative level. *Twombly*, 127 S. Ct. at 1964-65.

Therefore, Count XII should be dismissed for these reasons and as previously Ordered by the Court [D.E. 174].

### III.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1. Defendant Caterpillar's Motion to Dismiss Counts XI and XII of Plaintiff's Second Amended Complaint [D.E. 145] should be **GRANTED IN PART AND DENIED IN PART**.

2. Defendant Caterpillar's Motion to Dismiss Count XI of the Second Amended Complaint should be **DENIED**.

3. Defendant Caterpillar's Motion to Dismiss Count XII of the Second Amended Complaint should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have five (5) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Given the imminent trial date, the Court finds good cause to expedite the time for filing objections, if any. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847

F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of October, 2009.

> */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge